## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Walter McGahey**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No.  2:16-cv-00219-JDL |
| | ) |
| **Federal National Mortgage Association** | ) |
| | ) |
| **PHH Mortgage Corporation,** | ) |
| | ) |
| Defendants | ) |
| | ) |

## PLAINTIFF'S  SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

The Plaintiff, Walter McGahey (hereinafter referred to as the "Plaintiff"), files this Plaintiff's Surreply to Defendants' Reply in Support of Motion to Dismiss (the "Surreply"). In Docket Entry ("D.E.") # 22, Defendants' Reply in Support of Motion to Dismiss (the "Reply"), Defendants Federal National Mortgage Association ("Fannie Mae") and PHH Mortgage Corporation ("PHH") (hereinafter collectively referred to as the "Defendants") raise multiple new arguments against Count II of D.E. # 16, Plaintiff's First Amended Complaint (the "Amended Complaint" or "Am. Compl."). In opposition to the Plaintiff's plausible claim, sufficiently supported by well-pleaded facts, that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* ("RESPA") and its implementing regulation, 12 C.F.R. § 1024.1 *et seq.* ("Regulation X"), Defendants argue for the first time that Regulation X is "[i]rrelevant," that the Plaintiff's discussion of Regulation X in his Objection "raise[d] a new legal theory," and that 12 C.F.R. §§ 1024.35 and 1024.36 "omit any reference to a private right of action." Reply pp. 4-5. In response to Defendants' newly raised arguments, and the case law

Defendants cite to for the first time in support of said arguments (Reply pp. 5-6), the Plaintiff states the following:

The Amended Complaint Includes Defendants' Violations of Regulation X

In the Reply, Defendants allege that the Plaintiff's discussion of Regulation X in D.E. # 21, Plaintiff's Objection to Defendants' Renewed Motion to Dismiss and Incorporated Memorandum of Law (the "Objection" or "Obj."), was "[i]rrelevant," and that the Plaintiff's discussion of Regulation X in his Objection "raise[d] a new legal theory." Reply pp. 4-5. Defendants' arguments, however, are defeated by the contents of the Amended Complaint. The Amended Complaint alleges that the Plaintiff delivered a Qualified Written Request ("QWR") and Notice of Error ("NOE") to Defendant PHH on June 12, 2015, and states that the QWR and NOE were delivered "pursuant to 12 C.F.R. 1024.35," and incorporated the QWR/NOE into the Amended Complaint by reference. Am. Compl. ¶ 138, Ex. 31. 12 C.F.R. § 1024.35 is section of Regulation X, discussed by the Plaintiff in his Objection. Obj. pp. 15-18. Furthermore, the Amended Complaint also states that the Plaintiff delivered "another QWR/ NOE" to Defendant PHH on January 27, 2016, and again incorporated it into the Amended Complaint by reference which cites to Regulation X. Am. Compl. ¶ 159, Ex. 36. The January 27, 2016, QWR states that it was delivered to PHH "[p]ursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et. seq., and its implementing regulation, 12 CFR §§ 1024.35-36." Ex. 36 p. 2. 12 C.F.R. §§ 1024.35 and 1024.36 are both sections of Regulation X. The Plaintiff's Objection includes a discussion of Defendants' violations of 12 C.F.R. §§ 1024.35 and 1024.36 as part of his opposition to the dismissal of Count II of the Amended Complaint that Defendants have moved for. Obj. pp. 15-18. Rather than raising a "new legal theory," as Defendants have alleged, the Plaintiff was reiterating and providing even further explanation of his claims of Defendants'

RESPA/Regulation X violations included in the Amended Complaint. Defendants' arguments in the Reply that the Plaintiff's discussion of Regulation X in the Objection is "[i]rrelevant" and that it "raise[d] a new legal theory" do not comport with the contents of the Amended Complaint, as described above, and should therefore be rejected.

Additionally, RESPA's actual language also disagrees with Defendants' arguments that the Plaintiff's discussion of Regulation X in support of Count II, alleging Defendants' violations of RESPA, was "[i]rrelevant" and "raise[d] a new legal theory." In 12 U.S.C. § 2605, the section of RESPA pursuant to which the Plaintiff brings Count II of the Amended Complaint, Congress provides that "[t]he Bureau [of Consumer Financial Protection] shall establish any requirements necessary to carry out this section." 12 U.S.C. § 2605(j)(3). Regulation X, promulgated by the Consumer Financial Protection Bureau ("CFPB"), is the implementing regulation of RESPA. 12 C.F.R. § 1024.1. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984).

Defendants cannot and do not argue that the provisions of Regulation X are arbitrary, capricious, or manifestly contrary to the statute. Congress explicitly left a gap in RESPA, 12 U.S.C. § 2605, one that Congress expressly directed the CFPB to fill. 12 U.S.C. § 2605(j)(3). In fulfillment of that Congressional mandate, the CFPB issued Regulation X. 12 C.F.R. § 1024.1. In accordance with the U.S. Supreme Court's decision in *Chevron, U.S.A., Inc.*, Regulation X is to be given "controlling weight" with regard to the requirements Defendants were obligated to comply with upon receipt of QWRs/NOEs from the Plaintiff. *See* 467 U.S. at 844. Defendants'

failure to do so is the subject of Count II. Am. Compl. ¶¶ 191-200. The Amended Complaint gave fair notice to Defendants that the Plaintiff's claims regarding Defendants' RESPA violations included Defendants' violations of Regulation X. Am. Compl. ¶¶ 138, 159, Ex. 31, 36. Defendants' arguments that the Plaintiff's discussion of Regulation X in his Objection was "[i]rrelevant" and that it "raise[d] a new legal theory" are contrary to the contents of the Amended Complaint, the language of both RESPA and Regulation X, and Supreme Court precedent. Defendants' arguments should therefore be rejected.

<u>12 C.F.R. §§ 1024.35 and 1024.36 are Enforceable by Private Right of Action</u>

The final new argument made by Defendants in their Reply is that their violations of 12 C.F.R. §§ 1024.35 and 1024.36 are not subject to a private right of action, citing three cases for the first time in support of this argument. Reply pp. 5-6. This new case law is distinguishable, and Defendants' violations of 12 C.F.R. §§ 1024.35 and 1024.36 are subject to private right of action. The first new case cited by Defendants, *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. Appx. 355, 359 (5th Cir. 2016), concerns 12 C.F.R. § 1024.39, but neither of the sections of Regulation X discussed in the Plaintiff's Objection. *Id.* at 5. Furthermore, the *Gresham* court never actually addresses the question of whether 12 C.F.R. § 1024.39 is subject to private right of action, merely acknowledging that "Section 1024.39 does not explicitly convey a private right of action to borrowers" before affirming the case's dismissal because the plaintiff "failed to plead sufficient facts or offer any evidence in support of such claim." *Id.* Because *Gresham* concerns a different section of Regulation X than those discussed by the Plaintiff, and because the *Gresham* court does not actually address the question of whether the Regulation X section at issue is subject to a private right of action, instead affirming the dismissal on other grounds,

*Gresham* is distinguishable from the instant case and cannot support Defendants' new argument that 12 C.F.R. §§ 1024.35 and 1024.36 are not subject to enforcement by private right of action.

The next new case cited by Defendants in their Reply is *Brown v. Bank of New York Mellon*, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016). Reply pp. 5-6. While *Brown* at least mentions 12 C.F.R. § 1024.35—although not 12 C.F.R. § 1024.36—it again only states that §1024.35 "do[es] not explicitly provide a cause of action to private individuals." *Id.* This does not address the question of whether the section is subject to enforcement by private right of action. 12 C.F.R. § 1024.35 does not explicitly include a private cause of action provision because such an inclusion within the section is unnecessary. It is unnecessary because that section of Regulation X was issued as part of the implementation of 12 U.S.C. § 2605(e) and therefore subject to the private right of action provided for in 12 U.S.C. § 2605(f). 12 C.F.R. § 1024.35 provides the requirements a servicer must comply with "for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a). 12 U.S.C. § 2605(e) covers the "[d]uty of loan servicer to respond to borrower inquiries." 12 C.F.R. § 1024.35 is properly understood as filling one of the legislative "gaps" in RESPA that the CFPB properly filled in by issuing Regulation X, as discussed above, and should be given "controlling weight" with regard to the requirements Defendants were obligated to comply with upon receipt of QWRs/ NOEs from the Plaintiff. *See Chevron, U.S.A., Inc.*, 467 U.S. at 844. 12 C.F.R. § 1024.35 implements 12 U.S.C. § 2605(e), and is therefore enforceable through private right of action pursuant to 12 U.S.C. § 2605(f).

The third new case cited by Defendants in their Reply is *Miller v. HSBC Bank U.S.A., N.A.*, 2015 WL 585589, at *11 (S.D.N.Y. Feb. 11, 2015). Like *Brown*, *Miller* mentions 12 C.F.R.

§ 1024.35 but not 12 C.F.R. § 1024.36. *Id.* at 10-11. The *Miller* court also limits its Regulation X discussion to the lack of specific private right of action language in 12 C.F.R. § 1024.35. *Id.* at 11. As discussed above, that language is unnecessary, because 12 C.F.R. § 1024.35 implements 12 U.S.C. § 2605(e), and is therefore enforceable through private right of action pursuant to 12 U.S.C. § 2605(f). It is noteworthy that Defendants did not cite any additional new cases to support their argument that there is not a private right of action to enforce 12 C.F.R. § 1024.36. Reply pp. 4-6. That section of Regulation X does not need explicit private right of action language in order to be enforceable through a private right of action for the same reason such explicit language is unnecessary in 12 C.F.R. § 1024.35. 12 C.F.R. § 1024.36 provides the requirements a servicer must comply with "for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36(a). Like 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.36 implements 12 U.S.C. § 2605(e), and is therefore enforceable through private right of action pursuant to 12 U.S.C. § 2605(f). Defendants' argument that 12 C.F.R. §§ 1024.35 and 1024.36 are not subject to a private right of action should therefore be rejected.

Other district courts have already concluded that 12 C.F.R. §§ 1024.35 and 1024.36 are enforceable by private right of action pursuant to 12 U.S.C. § 2605(f). In *Wilson v. Bank of Am., N.A.*, the plaintiff's RESPA claims alleged violations of 12 C.F.R. §§ 1024.35 and 1024.36. *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 798 (E.D. Pa. 2014). In rejecting the defendant's motion to dismiss those claims, the *Wilson* court's discussion of the plaintiff's claims pursuant to 12 C.F.R. §§ 1024.35 and 1024.36 cites to 12 U.S.C. § 2605(f) when addressing the issue of liability and damages. *Id.* at 799. Also, in *Guccione v. JPMorgan Chase*

*Bank, N.A.*, the district court concluded that "12 C.F.R. § 1024.35 is enforceable under 12 U.S.C. § 2605(f)." *Guccione v. JPMorgan Chase Bank, N.A.*, 2015 WL 1968114, at *11 (N.D. Cal. May 1, 2015). As discussed above, it is unnecessary for 12 C.F.R. §§ 1024.35 and 1024.36 to include explicit private right of action language because both of these sections of Regulation X are enforceable pursuant to the private right of action in 12 U.S.C. § 2605(f).

Furthermore, the U.S. Supreme Court has addressed the question of whether implementing regulations for laws enforceable by private right of action are themselves (the implementing regulations) also enforceable by that same statutory private right of action. The Supreme Court concluded that it is "meaningless to talk about a separate cause of action to enforce the regulations apart from the statute. A Congress that intends the statute to be enforced through a private cause of action intends the authoritative interpretation of the statute to be so enforced as well." *Alexander v. Sandoval*, 532 U.S. 275, 284 (2001). Regulation X is the implementing regulation of RESPA. 12 C.F.R. § 1024.1. Congress provides in RESPA that "[t]he Bureau [of Consumer Financial Protection] shall establish any requirements necessary to carry out this section." 12 U.S.C. § 2605(j)(3). Regulation X, promulgated by the CFPB, is the authoritative interpretation of RESPA. RESPA, 12 U.S.C. § 2605 *et seq.*, is enforceable by private right of action. 12 U.S.C. § 2605(f). As regulatory sections implementing 12 U.S.C. § 2605(e), 12 C.F.R. §§ 1024.35 and 1024.36 are the authoritative interpretation of that section of RESPA, and therefore are enforceable by private right of action pursuant to 12 U.S.C. § 2605(f).

## Conclusion

For the reasons outlined above, the Plaintiff requests that the Court reject Defendants' new arguments, and their new supporting case law, that were raised for the first time by Defendants in their Reply. The Plaintiff requests that the Court DENY Defendants' Motion to

Dismiss with regard to all Counts in the Plaintiff's Amended Complaint and GRANT such other and further relief as the Court deems just and proper.

Dated at Biddeford, Maine, this 13th day of October, 2016.

                                    MOLLEUR LAW OFFICE

                                    By: */s/ Andrea Bopp Stark, Esq.*
                                    Andrea Bopp Stark, Esq.
                                    Counsel for Plaintiff Walter McGahey
                                    419 Alfred Street
                                    Biddeford, ME 04005-3747
                                    207-283-3777
                                    207-283-4558 Fax
                                    andrea@molleurlaw.com