# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| WALTER MCGAHEY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil No. 2:16-cv-00219-JDL |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION and PHH MORTGAGE CORPORATION, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM FOR PUNITIVE AND STATUTORY DAMAGES BY DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION

The Court should dismiss Plaintiff's claims for "punitive/exemplary" damages and statutory damages against Defendant Federal National Mortgage Association ("Fannie Mae"). A federal statute—the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654—mandates that Federal Housing Finance Agency ("FHFA") conservatorships cannot be liable for "any amounts in the nature of penalties or fines." 12 U.S.C. § 4617(j)(4) (the "Penalty Bar"). Throughout the period alleged in Plaintiff's Supplemental Second Amended Complaint (ECF No. 44, "Compl."), Fannie Mae has been in FHFA's conservatorship. Because the punitive and statutory damages sought here are "in the nature of penalties or fines," the Penalty Bar precludes them as a matter of law.

## I.     FACTS

### A.     The Plaintiff's Punitive, Exemplary, and Statutory Damages Allegations Against Fannie Mae

The operative Complaint is now the Supplemental Second Amended Complaint. Plaintiff expressly seeks punitive damages in Count III, which pleads a fraud claim. See id. at ¶¶ 226-40. There, plaintiff alleges Fannie Mae "made false statements about material facts when [it] represented that Mr. McGahey was not eligible for HAMP based on a prior HAMP failure and when [it] offered him more expensive, less affordable modification options instead." Id. at ¶ 228. Plaintiff alleges "Fannie Mae's conduct was and is . . . so outrageous and egregious as to constitute malice or at least to imply malice" towards Plaintiff. Id. at ¶ 239. Paragraph 240 alleges "[a]s such, the Plaintiff is entitled to . . . punitive/exemplary damages" as a result of Fannie Mae's alleged fraud. Compl. ¶ 240.[1]

Plaintiff also seeks both "actual and statutory damages" for Fannie Mae's alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq*. Compl. ¶ 225. RESPA authorizes individuals to recover an amount equal to the sum of "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). Plaintiff alleges that a "pattern or practice" of noncompliance exists. Compl. ¶¶ 197-99, 221.

### B.     FHFA's Relationship to Fannie Mae

Fannie Mae is a federally chartered private corporation. See Massachusetts v. FHFA, 54 F. Supp. 3d 94, 96 (D. Mass. 2014). In 2008, Congress passed HERA, which created FHFA as

---

[1]     Because exemplary damages are synonymous with punitive damages, see Black's Law Dictionary (10th ed. 2014) (punitive damages are "[a]lso termed exemplary damages"), this brief will refer to "punitive/exemplary damages" as punitive damages.

an independent agency of the United States government and gave FHFA's Director authority to place Fannie Mae into conservatorship. 12 U.S.C. § 4617(a)(3)(A)-(L). In September 2008, FHFA placed Fannie Mae into conservatorship, Town of Johnston v. Fed. Hous. Fin. Agency, 765 F.3d 80, 82 (1st Cir. 2014), and Fannie Mae remains in conservatorship today. FHFA, as Conservator, "immediately succeed[ed]" by operation of law to "all rights, titles, powers, and privileges of the regulated entity [Fannie Mae]," and may "take over the assets of and operate the regulated entity." See 12 U.S.C. §§ 4617(b)(2)(A)(i) & (b)(2)(B)(i). Under the Penalty Bar, FHFA conservatorships "shall not be liable for any amounts in the nature of penalties or fines." 12 U.S.C. § 4617(j)(4).

## II.    APPLICABLE LEGAL STANDARDS

The Court must dismiss the punitive and statutory damages claims against Fannie Mae because Plaintiff, as a matter of law, cannot plead facts plausibly suggesting an entitlement to such damages against Fannie Mae due to the Penalty Bar.

A motion for judgment on the pleadings under Rule 12(c) should be treated as a motion to dismiss under Rule 12(b)(6). Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). As it would in considering a motion to dismiss, the Court should review the facts in the Complaint in the light most favorable to the plaintiff. Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007). On a Rule 12(c) motion, just as a 12(b)(6) motion to dismiss, the Court employs the Twombly/Iqbal standard, under which "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" Perez-Acevedo, 520 F.3d at 29 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Court may also consider documents incorporated into the Complaint, such as exhibits to the Complaint, and "facts susceptible to judicial notice." R.G. Fin. Corp. v. Vergara-

Nunez, 446 F.3d 178, 182 (1st Cir. 2006). The Court may enter judgment on the pleadings when the "properly considered facts conclusively establish the movant's point." Id.

### III. ARGUMENT

The Court should dismiss the punitive and statutory damages claims against Fannie Mae because Plaintiff cannot plead facts plausibly suggesting an entitlement to such damages against Fannie Mae—such an award is statutorily barred. Under the Penalty Bar, FHFA conservatorships "shall not be liable for any amounts in the nature of penalties or fines." 12 U.S.C. § 4617(j)(4). The Penalty Bar precludes the award of punitive damages in this case, because punitive damages are "in the nature of penalties or fines," both as a general matter of law and under Maine law. The Penalty Bar likewise precludes an award of "additional damages" under RESPA because those damages are penal in nature. Finally, Plaintiff cannot circumvent HERA's clear intent to prohibit an assessment of fines against FHFA conservatorships by asserting claims nominally against Fannie Mae rather than its Conservator.

### A. Punitive Damages Are Subject to the Penalty Bar Because They Are in the Nature of Penalties or Fines.

#### 1. Punitive Damages Are in the Nature of Penalties or Fines

Plaintiffs' demand for punitive damages, Compl. ¶ 240, is subject to the Penalty Bar because punitive damages are "in the nature of penalties or fines." As their name implies, punitive damages are designed to punish by awarding damages greater than those actually suffered. See Black's Law Dictionary (10th ed. 2014) (defining "punitive damages" as "damages assessed by way of penalizing the wrongdoer" that are "intended to punish and thereby deter blameworthy conduct"); Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 297 (1989) (O'Connor, J., concurring in part and dissenting in part) ("The Court's cases abound with the recognition of the penal nature of punitive damages."). Exemplary

damages are synonymous with punitive damages. See Black's Law Dictionary (10th ed. 2014) (punitive damages are "[a]lso termed exemplary damages").

Courts have recognized that punitive damages are "amounts in the nature of penalties or fines" within the meaning of the Penalty Bar. Banneck v. Fannie Mae, No. 3:17-cv-4657, Slip Op. at 2 (attached hereto as Appendix A) (N.D. Cal. Dec. 13, 2017) (holding that § 4617(j) bars punitive damages against Fannie Mae under California's Consumer Credit Reporting Agencies Act); accord Gray v. Seterus, Inc., 233 F. Supp. 3d 865, 872-73 (D. Or. 2017) ("Fannie Mae is indeed immune from punitive damages under 12 U.S.C. § 4617(j)"). Courts have reached the same conclusion about punitive damages when applying the FDIC analogue to the penalty bar, 12 U.S.C. § 1825(b)(3), which provides that upon appointment as a receiver, the FDIC "shall not be liable for any amounts in the nature of penalties or fines." See, e.g., Cassese v. Wash. Mut., Inc., 711 F. Supp. 2d 261, 273 (E.D.N.Y. 2010) ("The Court thus finds that Section 1825(b), by its plain language, bars punitive damages from being assessed against the FDIC after receivership has commenced."); Poku v. F.D.I.C., No. CIV.A. RDB-08-1198, 2011 WL 1599269, at *4 (D. Md. Apr. 27, 2011) (finding that "punitive damages represent penalties" as stated in 12 U.S.C. § 1825(b)(3)); King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238, 246 (D. Mass. 2009) (finding that the FDIC, as a receiver, has a "complete defense" to punitive damages based upon 12 U.S.C. § 1825(b)(3)); Font-Llacer-de-Pueyo v. F.D.I.C., 932 F. Supp. 2d 265, 272 (D.P.R. 2013) (plaintiff's punitive damage claim against former employer dismissed where former employer was under FDIC receivership).

2. Punitive Damages Under Maine Law Are "In the Nature Of Penalties Or Fines."

The Court should reject Plaintiff's argument that punitive damages under Maine law are somehow uniquely exempt from the Penalty Bar because as a matter of policy they are

5

DM1\8741333.2

purportedly designed to deter further wrongful conduct rather than to punish.  See Plaintiff's Pre-Filing Conference Memorandum, p. 5, ECF # 62.  Despite Plaintiff's argument, punishment continues to be an important rationale for punitive damages in Maine.  For example, in Harris v. Soley, Maine's Supreme Judicial Court held that higher punitive damages may be justified against repeat offenders because "*one of the primary purposes of punitive damages* [is] . . . that '*a recidivist may be punished* more severely than a first offender [because] repeated misconduct is more reprehensive than an individual instance of malfeasance.'"  756 A.2d 499, 507 (Me. 2000) (quoting BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 577 (1996)) (emphasis added).  Moreover, the policy goals of punishment and deterrence are intertwined, since punitive damages achieve their deterrent effect through punishment of an alleged wrongdoer.  Black's Law Dictionary (10th ed. 2014) (punitive damages are "intended to *punish and thereby deter* blameworthy conduct" (emphasis added)).

In any event, the state-law rationale behind punitive damages has no bearing on the operation of the Penalty Bar under federal law.  The HERA Penalty Bar applies to "amounts in the nature of penalties or fines," and it applies equally to such amounts, whether their policy intention is to punish past wrongful conduct, deter future wrongful conduct, or incentivize plaintiffs to bring suit.  See 12 U.S.C. § 4617(j)(4).  Even if Plaintiff could establish that the policy goal behind state law punitive damages were somehow relevant, his argument would still fail because, under Maine law, an amount that has deterrence as its purpose *is* a "penalty."  In Reagan v. Racal Mortg., Inc., the Supreme Judicial Court of Maine ruled that the liability imposed on a creditor for a violation of the Maine Consumer Credit Code was a "penalty" under the Maine General Savings Statute because it "penalize[s] the violator *for purposes of*

6
DM1\8741333.2

*deterrence.*" 715 A.2d 925, 929 (Me. 1998) (emphasis added). In other words, there is nothing inconsistent under Maine law about a "penalty" intended to have a deterrent effect.

The Penalty Bar at issue here is even broader than the Maine state statute at issue in Reagan, since it applies not only to "penalties" but also the broader category of amounts "*in the nature of* penalties or fines." 12 U.S.C. § 4617(j)(4). The statutory phrase "in the nature of" is "indicative of the drafters' intent to widen the scope of [a] provision." Frye v. Thompson Steel Co., 657 F.3d 488, 496 (7th Cir. 2011). Punitive damages are "in the nature of penalties or fines" under the Penalty Bar and the Court must therefore dismiss Plaintiff's claim for punitive damages against Fannie Mae.

### B. RESPA's Statutory Damages Are Subject to the Penalty Bar Because They Are in the Nature of Penalties or Fines.

The Penalty Bar also precludes Plaintiff's request for statutory damages under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*,[2] which provides that a person who willfully violates RESPA is "liable" for "the sum of-- (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). These "additional" statutory damages are in the nature of penalties or fines because they would go beyond compensation and have no reference to actual loss. Gabelli v. SEC, 568 U.S. 442, 451-52 (2013) (penalties "*go beyond compensation*, are intended to punish, and label defendants wrongdoers." (emphasis added)); Black's Law Dictionary (10th ed. 2014) ("statutory penalty" is defined as "a penalty imposing

---

[2] Plaintiff also demands statutory damages under 9-A M.R.S. § 9-401. However, § 9-401 does not appear to authorize statutory damages. 9-A M.R.S. § 9-401 (permitting an affected consumer to "rescind the sale, lease or loan or recover actual damages, or both"). If such damages were available, the Penalty Bar would prohibit their imposition on Fannie Mae for the same reasons that RESPA's statutory damages cannot be imposed on Fannie Mae.

7

automatic liability on a wrongdoer for violation of a statute's terms without reference to any actual damages suffered.").

Moreover, the fact that a plaintiff can collect the sum of *both* actual damages *and* statutory damages under RESPA underscores the penal nature of the latter. Indeed, RESPA's statutory damages may be awarded *only* when there are actual damages; they may not be awarded as a substitute for actual damages. See Kelmetis v. Fed. Nat'l Mortg. Ass'n, No. 1:16-cv-246 (MAD/CFH), 2017 WL 395120, at *8 (N.D.N.Y. Jan. 27, 2017). When damages "are allowed in addition to compensatory (actual) damages[,] they are considered a penalty." In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 341 (N.D. Ill. 2002). In Radatz v. Federal National Mortgage Association, the court said that the availability of both actual damages and statutory damages for the same conduct established that the statutory damages were penal for purposes of § 4617(j). 50 N.E.3d 527, 535 (Ohio 2016). Similarly, the availability of actual damages and statutory damages under RESPA for the same conduct confirms that these punitive damages are penal for purposes of the Penalty Bar.[3]

### C. The Cases Cited By Plaintiff In His Pre-Filing Conference Memorandum Are Inapposite.

Plaintiff relies upon three cases in support of its position that Fannie Mae is subject to punitive damages. (See Plaintiff's Pre-Filing Conference Memorandum, p. 3, ECF # 62.) None of those cases addressed the Penalty Bar set forth in 12 U.S.C. § 4617(j)(4) and instead only discuss whether Fannie Mae is a federal instrumentality. See Ishee v. Fed. Nat'l Mortg. Ass'n, No. 2:13-CV-234-KS-MTP, 2016 WL 3212183, at *7 (S.D. Miss. June 8, 2016); Herron v.

---

[3] The fact that RESPA's statutory damages may be awarded only "in the case of a pattern or practice of noncompliance," 12 U.S.C. § 2605(f)(1)(B), further demonstrates that they are intended to punish rather than to compensate, since past conduct has no bearing on how much the plaintiff was actually harmed.

Fannie Mae, 857 F. Supp. 2d 87, 92-93 (D.D.C. 2012); United States ex rel. Adams v. Wells Fargo Bank Nat'l Assoc., No. 2:11-CV-535-RCJ-PAL, 2013 U.S. Dist. LEXIS 175322, at *22-*24, 2013 WL 6506732 (D. Nev. 2013)). But the HERA Penalty Bar does not require that Fannie Mae be a federal instrumentality in this context before it can apply. Hager, illustrates the point, albeit in the context of another, closely related HERA provision, one insulating FHFA Conservatorships from most taxes. See 12 U.S.C. § 4617(j)(2). In Hager, the United States District Court for the District of Nevada first ruled that for taxation purposes, Fannie Mae is not a federal instrumentality. 812 F. Supp. 2d at 1218. However, the District Court then ruled that Fannie Mae was nevertheless exempt from taxes, penalties or fines "to the same extent that the FHFA is." Id. at 1218.

As Hager confirms, the Court need not address whether Fannie Mae is a federal instrumentality because the Penalty Bar applies independently of instrumentality status. However, Fannie Mae *is* a federal instrumentality for purposes of immunity from punitive damages, and this is an independent basis for dismissing Plaintiff's demands for punitive damages.[4] See Alam v. Fannie Mae, Civ. A. No. H-02-4478, slip op. at 25-26 (S.D. Tex. Sept. 29, 2005) (attached hereto as Appendix B) ("[T]he Court holds that Fannie Mae is a federal instrumentality of the government for purposes of exemption from punitive damages."); Paley v. Fed. Home Loan Mortg. Corp., No. CIV. A. 93-5081, 1994 WL 327659, at *2 (E.D. Pa. July 7, 2004) (reaching the same conclusion about Freddie Mac). In Mwangi v. Fannie Mae, the court held that Fannie Mae, while in conservatorship, continues to be a "federal instrumentality for

---

[4] The Penalty Bar reinforces and expands the immunity from penalties and punitive damages that Fannie Mae enjoys as a federal instrumentality. Whereas Fannie Mae's instrumentality status is sufficient to protect it from amounts such as punitive damages that are clearly penal, the Penalty Bar also provides broader protection from amounts "in the nature of" penalties and fines that might not be penalties and fines in the strictest sense.

purposes of punitive damages" and therefore "is exempt from an award of punitive damages." No. 4:14-cv-0079-HLM, 2015 WL 12434327, at *3 (M.D. Ga. Mar. 9, 2015).[5]

None of the cases that Plaintiff cites are to the contrary—except for one case that is plainly wrong on its face: Ishee v. Federal National Mortgage Ass'n, 2016 WL 3212183, at *2 (S.D. Miss. June 8, 2016). Ishee, like Plaintiff, relies on the flatly erroneous premise that Fannie Mae is a "limited life regulated entity" ("LLRE"). Fannie Mae is not an LLRE, as no such entity presently exists, and it may never exist. An LLRE is a separate statutorily-authorized entity, which FHFA can create only when Fannie Mae is in receivership. See § 4617(i)(1). Fannie Mae is not in receivership and never has been—the statutory prerequisite to creation of an LLRE. It is in conservatorship and continues to exist as a corporate entity. Thus, contrary to what Ishee and Plaintiff argue, that LLRE as not federal instrumentalities, is irrelevant here. The other cases Plaintiff cites[6] merely recognize that Fannie Mae is considered a private entity for certain purposes, but it is well-established that an entity that is private for certain purposes may nevertheless be a federal instrumentality for purposes of immunity from punitive damages. See Mwangi, 2015 WL 12434327, at *3.

### D. The Penalty Bar Precludes Claims Nominally Brought Against Fannie Mae

While the text of the Penalty Bar refers to "the Agency," that usage encompasses and applies with equal force to actions brought directly against Fannie Mae while in conservatorship.

---

[5] As Mwangi recognized, Fannie Mae is a federal instrumentality for purposes of immunity from punitive damages, even though it is not a federal instrumentality for other purposes. Mwangi, 2015 WL 12434327, at *3. Mwangi went on to conclude that the Penalty Bar is an alternative basis for immunity from punitive damages. See id. at *4-5.

[6] Although Plaintiff cites language from Adams that Fannie Mae is not an instrumentality, he fails to mention that, on appeal, the Ninth Circuit stated that Fannie *is* a federal instrumentality for certain purposes—but not for purposes of the False Claims Act, a statute that is irrelevant to this case. U.S. ex rel. Adams v. Aurora Loan Services, Inc., 813 F.3d 1259, 1261 (9th Cir. 2016).

See Higgins v. BAC Home Loans Servicing LP, 2014 WL 1332825, at *1-3 (E.D. Ky. Mar. 31, 2014) ("By prohibiting the imposition of fines and penalties on the Agency 'in any case in which the Agency is acting as a conservator . . . ,' HERA necessarily prohibits the imposition of fines and penalties on Fannie Mae also" during conservatorship.). The reason is simple: penalties or fines would be paid from "assets" to which the Conservator succeeded by law. As Conservator, FHFA succeeded to "all rights, titles, powers, and privileges" with respect to Fannie Mae and its assets. 12 U.S.C. § 4617(b)(2)(A)(i). And, because HERA does not provide the Conservator with any assets except those to which it succeeds, the Penalty Bar would be a nullity if it did not shield inherited conservatorship assets from liability.

Every federal court with jurisdiction to decide the issue—and nearly every court that has addressed it at all[7]—has agreed that the Penalty Bar renders Fannie Mae immune from liability for amounts in the nature of penalties and fines while in conservatorship. For example, in Mwangi v. Fed. Nat'l Mort. Ass'n, the plaintiff was a mortgage borrower who filed suit against Fannie Mae for conversion, wrongful eviction, civil trespass, and punitive damages. No. 4:14-CV-0079-HLM, 2015 WL 12434327, at *1 (N.D. Ga. Mar. 9, 2015). Fannie Mae filed an answer, and just as in this case, Fannie Mae later moved for judgment on the pleadings under Rule 12(c) with respect to the punitive damages claim. The United States District Court for the Northern District of Georgia granted Fannie Mae's motion and dismissed the punitive damages claim against Fannie Mae on two independent bases. First, the district court ruled Fannie Mae was a federal instrumentality for the limited purpose of its being subject to punitive damages. Id.

---

[7] A federal court reached a different conclusion in one outlier decision that was vacated for lack of jurisdiction, rendering that decision a legal nullity. Burke v. Fed. Nat'l Mortg. Ass'n, 221 F. Supp. 3d 707 (E.D. Va. 2016), vacated, 2016 WL 7451624, at *1 (E.D. Va. Dec. 6, 2016). The decision was incorrect on the merits as well, since it adopted a mistaken reading of HERA that ignores its unambiguous statutory language providing that "the Agency" as Conservator succeeds to Fannie Mae's assets. See 12 U.S.C. § 4617(b)(2)(A)(i).

at *3.  This was because Fannie Mae, a privately-owned, federally chartered institution, "remains under the guidance of the federal government and is a federal instrumentality for purposes of punitive damages."  Id.  The District Court went on to rule that "[a]lternatively, the Court finds that Defendant Fannie Mae is exempt from punitive damages while it is under the conservatorship" with the FHFA because of the Penalty Bar.  Id. at *4.  The plaintiff in Mwangi argued that "the penalty bar simply applies to the FHFA, not to Defendant Fannie Mae."  Id. at *4 n.5.  The court rejected that argument, ruling that "this distinction makes no real practical difference" because "Fannie Mae has been placed into conservatorship with the FHFA."  Id.

Similarly, in Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP, the United States District Court for the District of Nevada examined FHFA's "broad powers" as conservator of Fannie Mae and ruled that "while under conservatorship with the FHFA, Fannie Mae is statutorily exempt from taxes, penalties, and fines to the same extent the FHFA is."  812 F. Supp. 2d 1211, 1218 (D. Nev. 2011).

Finally, in Fed. Hous. Fin. Agency v. City of Chicago, FHFA sued the City of Chicago to challenge the application of an ordinance requiring Fannie Mae to register vacant properties it owned with the city and maintain those properties to certain standards.  962 F. Supp. 2d 1044, 1048 (N.D. Ill. 2013).  FHFA moved for summary judgment and argued, among other things, that the HERA Penalty Bar prevented application of a fine for failure to comply with the statute to Fannie Mae and Freddie Mac.  Id. at 1064.  The City argued that the fines were only assessed against Fannie Mae directly, not against FHFA, but the United States District Court for the

Northern District of Illinois ruled that argument was "meritless" because "FHFA, as conservator, stepped into the shoes of Fannie Mae." Id.[8]

## IV.    CONCLUSION

For the reasons set forth above, Fannie Mae respectfully requests that this Court **GRANT** its Motion for Judgment on the Pleadings and dismiss Plaintiff's claim for punitive and statutory damages against Fannie Mae.

---

[8] These cases are consistent with cases interpreting a materially identical provision covering entities in Federal Deposit Insurance Corporation ("FDIC") receiverships, 12 U.S.C. § 1825(b)(3), which provides that "[w]hen acting as a receiver, . . . [t]he [FDIC] shall not be liable for any amounts in the nature of penalties or fines." See, e.g., Cty. of Fairfax v. FDIC, 1993 WL 62247, at *4 (D.D.C. Feb. 26, 1993) (rejecting contention that § 1825(b)(3) exempts only "the FDIC itself from penalty assessment but not the [entity] for which the FDIC assumes receivership.")

DM1\8741333.2

Dated: May 25, 2018

Respectfully submitted,

FEDERAL NATIONAL MORTGAGE ASSOCIATION

By their Attorneys,

/s/ Gregory S. Bombard
Gregory S. Bombard (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
100 High St., Suite 2400
Boston, MA 02110
Telephone: +1 857-488-4235
Fax: +1 857-401-3069
Email: gbombard@duanemorris.com

/s/ Andrea T. Holbrook
Andrea T. Holbrook, Me. Bar No. 005251
**DUANE MORRIS LLP**
2 Monument Square, Suite 505
Portland, ME 04401
Telephone: +1 215-979-1677
Fax: +1 207 470-1068
E-Mail: atholbrook@duanemorris.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2018 I served a copy of the foregoing document on all counsel of record via email to Andrea Bopp Stark at andrea@molleurlaw.com; Gary Goldberg at ggoldberg@garmeylaw.com; and Chris Keach at chris@molleurlaw.com.

/s/ Andrea T. Holbrook
Andrea T. Holbrook