UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER MCGAHEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|          v. | ) Case No. 2:16-cv-00219-JDL |
| | ) |
| FEDERAL NATIONAL MORTGAGE | ) |
| ASSOCIATION et al., | ) |
| | ) |
|    Defendants. | ) |

### ORDER ON DEFENDANT'S MOTION
### FOR JUDGMENT ON THE PLEADINGS

Defendant Federal National Mortgage Association ("Fannie Mae") has filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (ECF No. 78), moving to dismiss Plaintiff Walter McGahey's claim for "punitive/exemplary damages" arising from fraud (Count III) and claim for "statutory damages" under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.A. § 2601 *et seq.* (2018) (Count II). *See* ECF No. 44 at ¶¶ 225, 240. For the reasons that follow, Fannie Mae's Motion is granted in part and denied in part.

### I. STANDARD OF REVIEW

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (internal quotation marks omitted). In

evaluating a motion to dismiss, the Court will accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 52-53. Determining the plausibility of a claim is a context-specific task that requires the Court "to draw on its judicial experience and common sense." *Id.* at 53 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## II. ANALYSIS

Fannie Mae argues (1) that as a federal conservatorship, it is immunized from punitive and statutory damages under the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C.A. § 4617(j)(4) (2018) (the "Penalty Bar"); (2) the "punitive/exemplary damages" sought in Count III are subject to the Penalty Bar; and (3) the statutory damages sought under RESPA in Count II are subject to the Penalty Bar. McGahey does not dispute that his claim for punitive/exemplary damages under Count III is subject to the Penalty Bar even if it is found that the Penalty Bar shields Fannie Mae. *See* ECF No. 82. I therefore address, in order, (A) whether the Penalty Bar protects Fannie Mae from punitive damages, and (B) whether statutory damages under RESPA are punitive damages subject to the Penalty Bar.

**A.     The Penalty Bar**

Fannie Mae is a federally chartered private corporation that supports the development of the secondary mortgage market. *Town of Johnston v. Fed. Hous. Fin. Agency*, 765 F.3d 80, 82 (1st Cir. 2014). In September 2008, Fannie Mae entered conservatorship under the Federal Housing Finance Agency ("FHFA"), an

independent federal agency, pursuant to HERA. *Id.*; *see also* 12 U.S.C.A. § 4501 (2018).

Under § 4617(j)(4) of HERA (the Penalty Bar), "[FHFA] shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due." 12 U.S.C.A. § 4617(j)(4). Fannie Mae argues that the punitive/exemplary damages and statutory damages that McGahey seeks cannot be imposed against either FHFA or Fannie Mae. McGahey counters that the plain language of the Penalty Bar only bars the imposition of penalties and fines against FHFA and does not prohibit the imposition of penalties and fines against Fannie Mae.

As conservator, FHFA, "by operation of law, immediately succeed[ed] to . . . all rights, titles, powers, and privileges of [Fannie Mae], and of any stockholder, officer, or director of [Fannie Mae]" and all rights (i) to the assets of Fannie Mae; (ii) to "collect all obligations and money due" Fannie Mae; (iii) to "perform all functions" of Fannie Mae, in its name, consistent with appointment of the conservator; and (iv) to "preserve and conserve the assets and property" of Fannie Mae. *Id*. at § 4617(b)(2)(A), (B). "HERA's provisions make it clear that, in the event [Fannie Mae was] placed into conservatorship[], Congress intended FHFA to assume complete control of [Fannie Mae] and, in its discretion, 'take such action as may be necessary to put [Fannie Mae] in a sound and solvent condition.'" *Fed. Hous. Fin. Agency v. City of Chicago*, 962 F. Supp. 2d 1044, 1058 (N.D. Ill. 2013) (quoting § 4617(b)(2)(D)(i)).

In other words, as conservator, FHFA has "stepped into the shoes of Fannie Mae." *Id.* at 1064. As such, "when [FHFA] acts as conservator, it acts with complete control over Fannie Mae's assets," *Higgins v. BAC Home Loans Servicing, LP*, No. 12-cv-183-KKC, 2014 WL 1332825, at *3 (E.D. Ky. Mar. 31, 2014), and a penalty or fine leveled against Fannie Mae is, in effect, also a penalty or fine against FHFA. Thus, "while under conservatorship with the FHFA . . . Fannie Mae is statutorily exempt from taxes, penalties, and fines to the same extent that the FHFA is." *Nevada ex rel. Hager v. Countrywide Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1218 (D. Nev. 2011). This conclusion is consistent with the decisions of the other courts that have confronted this issue. *See, e.g., id.*; *Gray v. Seterus, Inc.*, 233 F. Supp. 3d 865, 872 (D. Or. 2017) ("[D]efendant Fannie Mae is indeed immune from punitive damages under 12 U.S.C. § 4617(j)."); *Higgins*, 2014 WL 1332825, at *3 ("By prohibiting the imposition of fines and penalties on [FHFA] in any case in which [FHFA] is acting as a conservator or a receiver, HERA necessarily prohibits the imposition of fines and penalties on Fannie Mae also.") (internal quotation marks omitted); *Mwangi v. Fed. Nat'l Mortg. Ass'n*, No. 4:14-CV-0079-HLM, 2015 WL 12434327, at *4-5 (N.D. Ga. Mar. 9, 2015) (same).

Accordingly, Fannie Mae is exempt from "amounts in the nature of penalties or fines," which includes the "punitive/exemplary" damages sought under Count III of McGahey's Complaint. The claim for those damages is therefore dismissed.

4

## B.     Statutory Damages Under RESPA

McGahey argues that even if the Penalty Bar shields Fannie Mae from punitive damages, the statutory damages he seeks under RESPA are not "amounts in the nature of penalties or fines" and are therefore outside of the Penalty Bar's purview. Neither party identified any decisions assessing whether statutory damages under RESPA are penalties for the purpose of the Penalty Bar. Fannie Mae argues, however, that any damages that are *additional* to actual (i.e. compensatory) damages must be in the nature of penalties or fines and are, therefore, subject to the Penalty Bar. ECF No. 78 at 7-8 (quoting *Gabelli v. SEC*, 568 U.S. 442, 451-52 (2013) ("[Civil penalties] go beyond compensation, are intended to punish, and label defendants wrongdoers.")).

Under RESPA, a borrower can recover "actual damages to the borrower" and statutory damages defined as: "additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C.A. §§ 2605(f)(1)(A), (B) (2018).[1] The

---

[1] Section 2605(f)(1) reads:

> (f) Damages and costs
>
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
>> (1) Individuals
>>
>> In the case of any action by an individual, an amount equal to the sum of--
>>
>>> (A) any actual damages to the borrower as a result of the failure; and
>>>
>>> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C.A. § 2605(f)(1).

5

parties have not briefed what the meaning of "actual damages" is under RESPA, and consequently, what might constitute "additional damages," and whether those additional damages are necessarily "in the nature of penalties or fines." It is therefore premature at this preliminary stage to determine whether any additional damages McGahey may seek under RESPA are barred by the Penalty Bar. After discovery is complete, Fannie Mae may seek to revisit this question by a motion for summary judgment or a motion in limine before trial.

### III. CONCLUSION

For the foregoing reasons, Fannie Mae's Motion for Judgment on the Pleadings as to McGahey's claim for "punitive/exemplary damages" under Count III is **GRANTED IN PART** and is **DENIED** as to McGahey's claim for statutory damages under Count II (ECF No. 78).

**SO ORDERED.**

Dated this 13th day of July, 2018.

                                                                           /s/ Jon D. Levy
                                                                 **U.S. DISTRICT JUDGE**