UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER McGAHEY,                 )<br>                                                       )<br>              *Plaintiff*         )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION and PHH MORTGAGE )<br>CORPORATION,                        )<br>                                                       )<br>              *Defendants*      ) | No. 2:16-cv-00219-JDL |

*MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE OR COMPEL FURTHER DEPOSITION TESTIMONY AND COMPEL ANSWERS TO INTERROGATORIES*

Plaintiff Walter McGahey moves to (i) preclude defendant PHH Mortgage Corporation ("PHH") from introducing certain evidence on the basis of the inadequacy of its deposition testimony or, in the alternative, reopen its deposition, (ii) compel supplemental answers to five interrogatories, and (iii) recoup certain litigation costs.[1] For the reasons that follow, I grant the motion in part, to the extent that I order the reopening of PHH's deposition on the conditions described below, enlarge the parties' discovery deadline to August 31, 2018, with commensurate enlargements to other remaining scheduling order deadlines as set forth below, and order that PHH reimburse the plaintiff's costs of bringing the instant motion, including attorney fees.

**I. Applicable Legal Standards**

Federal Rule of Civil Procedure 30(b)(6) provides that "[t]he named organization must . . . designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). A Rule 30(b)(6) designee "must testify

---

[1] At my direction, *see* ECF No. 81, the plaintiff submitted his motion, with attachments, to the court's New Cases Inbox on May 23, 2018, and PHH submitted its response, with an attachment, in the same fashion on May 25, 2018.

1

about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "Thus, unlike [in the case of] all other depositions, there is an implicit obligation to prepare the witness." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* ("*FPP*") (3d ed. 2010) § 2103, at 455-57. "As specified in the rule, this preparation is not limited to matters of which the witness has personal knowledge, but extends to all information reasonably available to the responding organization." *Id*. at 457. *See also, e.g., Bickford v. Marriner*, No. 2:12-cv-00017-JAW, 2012 WL 6727531, at *3 (D. Me. Dec. 28, 2012) ("Courts have held that Rule 30(b)(6) requires deposed corporations to both properly identify a capable witness and adequately prepare the witness to answer questions about the designated topics.").

When a party is served interrogatories, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "It has been said that interrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry." 8B *FPP* § 2177, at 80 (footnote omitted). "Simply referring to pleadings or other discovery is frequently found insufficient." *Id*. (footnote omitted). "Evasive or cryptic answers are ordinary insufficient but each answer must be read in the light of the question in deciding its sufficiency." *Id*. at 80-81 (footnote omitted).

"A party seeking discovery may move for an order compelling an answer" if "a deponent fails to answer a question asked under Rule 30 or 31" or "a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B)(i), (iii). For this purpose, "an evasive or incomplete . . . answer . . . must be treated as a failure to . . . answer[.]" Fed. R. Civ. P. 37(a)(4).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## II. Background

The plaintiff alleges that PHH and its co-defendant, the Federal National Mortgage Association ("Fannie Mae"), violated the Maine Unfair Trade Practices Act and the federal Real Estate Settlement Procedures Act, and engaged in fraud and misrepresentation, in connection with their failure to provide him with a Making Home Affordable Program ("HAMP") mortgage modification in accordance with applicable Fannie Mae guidelines. *See* Plaintiff's Supplemental Second Amended Complaint (ECF No. 44) ¶¶ 202-45.

On April 12, 2018, the plaintiff noticed the Rule 30(b)(6) deposition of PHH, listing 21 deposition topics. The deposition was taken on May 10, 2018, with Andrew Smith, a loss mitigation underwriter for PHH, testifying as its designee. During the course of the deposition, the plaintiff requested an emergency telephonic hearing with the court to address what he believed to the deponent's repeated evasive and incomplete answers to noticed topics. *See* ECF No. 72. I instructed the parties to complete the deposition, without prejudice to the plaintiff's seeking post-deposition relief concerning any answer he felt was nonresponsive or for which the deponent was inadequately prepared. *See id*. The plaintiff now seeks such relief. *See* ECF No. 81.

## III. Discussion

The plaintiff complains that PHH failed to answer questions regarding (i) specific Fannie Mae and/or other guidelines, policies, and procedures followed in each review, evaluation, and denial of his loan for a HAMP (Deposition Topics 6(a) and 6(b)), (ii) the manner in which PHH evaluated him for all loss mitigation options, why he was denied a HAMP, and all loan modifications that it offered him, including the terms of each (Deposition Topics 6, 6(b), and 12), (iii) communications he made to PHH alleging a wrongful denial of a HAMP (Deposition Topic 10), and (iv) whether a borrower found qualified and eligible for a HAMP modification by PHH would be granted that modification (Deposition Topic 7). He adds that PHH generally was noncooperative, providing evasive, nonresponsive answers throughout the deposition.

As a remedy for PHH's allegedly deficient answers, uncooperative behavior, and lack of preparation for the corporate deposition, the plaintiff seeks a court order:

1. Precluding PHH from arguing that he was ineligible to be reviewed for a HAMP from 2012-16; and/or

2. Precluding PHH from presenting any evidence beyond what is in the corporate deposition transcript about (i) any Fannie Mae guidelines that support PHH's denial of a HAMP for him from 2012-16, (ii) any explanations about why he was denied a HAMP from 2012-16, and (iii) any facts related to investigations undertaken, or determinations made, as a result of his notices of error to PHH; and

3. Reimbursing him for the fees and costs associated with the deposition and the instant motion; or

4. In the alternative, reopening the deposition, with directions that PHH provide a deponent or deponents prepared on all topics, to be deposed in Portland, Maine,[2] with an opportunity for follow-up on appropriate responses on all topics, with reimbursement of the costs associated with the plaintiff's counsel preparation for and attendance at the prior deposition, dispute conferences, future depositions, and the instant motion.

The plaintiff finally argues that PHH provided similar nonresponsive answers to his Interrogatories 8-11 and Second Interrogatory 1, as a result of which he seeks an order compelling the production of more specific answers to those interrogatories.

For the reasons set forth below, I grant the motion in part and otherwise deny it.

### A. Deposition Testimony

### 1. Guidelines, Policies, and Procedures

The plaintiff first argues that Smith, as PHH's corporate designee, failed to provide adequate answers to questions regarding specific guidelines, policies, and procedures that PHH followed in evaluating and denying his HAMP applications. I agree.

The topics noticed for the plaintiff's Rule 30(b)(6) deposition of PHH included, in relevant part:

> 6. PHH's review and evaluation of Mr. McGahey for all loss mitigation options from January 2009 to the present including but not limited to:
>
>    a. Fannie Mae and/or other guidelines, policies, and procedures followed in each review and evaluation;
>
>    b. why Mr. McGahey was denied a Fannie Mae HAMP loan modification in 2012, 2013, 2015 and 2016 and the guidelines, policies, and procedures that governed such denials[.]

---

[2] The corporate deposition at issue took place in the offices of PHH's counsel in Boston.

Notice of Deposition of PHH Mortgage Corporation dated April 12, 2018 ("Depo. Notice"), Exh. 7 to plaintiff's letter brief, at 3.

In resolution of a discovery dispute, the parties had agreed that the plaintiff's counsel would bring to the deposition electronic copies of the Fannie Mae guidelines for the years 2009-16 (each totaling approximately 1,000 pages) and that PHH's witness would be available to discuss the relevant portions. PHH's counsel confirmed that the plaintiff's counsel had provided PHH with relevant dates in order for PHH to ensure that its witness was prepared on that issue.

The plaintiff's counsel brought electronic copies of the guidelines to the deposition; however, Smith stated that he could not identify relevant portions. For example, in one instance, the plaintiff's counsel inquired why the plaintiff was denied a HAMP in 2012. Smith responded that it was because the plaintiff was terminated from a prior HAMP after he had tendered payments, rendering him ineligible according to Fannie Mae guidelines. The plaintiff's counsel asked Smith to identify that guideline; however, he testified that he did not know the exact guideline. She then asked if Smith was prepared to show or direct her to the Fannie Mae guidelines PHH used to deny the plaintiff's HAMP modification. He said no. Similar colloquies occurred at least three more times.

PHH argues that Smith gave good-faith answers and should not be required to point to a specific subsection in the guidelines, which would be akin to a memory test and require that he state a legal conclusion. It adds that the plaintiff availed himself of the opportunity to depose both a Fannie Mae designee and a designee of BackInTheBlack, which Smith testified PHH used to ensure compliance with Fannie Mae guidelines.

The plaintiff has the better argument. PHH apparently did not object to Topics 6(a) and 6(b) as worded. Moreover, the plaintiff reasonably understood PHH to have agreed to produce a

6

deponent or deponents who could identify the Fannie Mae guidelines on which PHH relied. The plaintiff did not demand that Smith state a legal conclusion. Rather, his counsel inquired whether he could identify the guideline or guidelines on which PHH had relied – a matter of historical fact. If PHH maintained records so indicating, the plaintiff was entitled to know that information. If it did not, or could not find such records following a reasonable search, the plaintiff was entitled to know that as well. That the plaintiff separately deposed Fannie Mae and BackInTheBlack is of no consequence.

Accordingly, with respect to this point, I grant the motion in part, ordering the reopening of PHH's deposition to the extent that the plaintiff shall be permitted to inquire about which Fannie Mae guidelines, if any, PHH followed or relied on in evaluating his HAMP applications from January 2009 through the present.

**2. PHH's Review and Evaluation of Plaintiff's Loss Mitigation Options**

The plaintiff next argues that Smith, as PHH's corporate designee, failed to provide responsive answers to repeated questions whether the plaintiff had made timely payments pursuant to a Trial Payment Plan ("TPP"), completed a TPP, or ever was given a permanent HAMP modification, all of which were encompassed within Topics 6(b), set forth above, and 12, *see* Depo Notice at 4 ("12. All loan modifications offered to Mr. McGahey by PHH with regard to the subject loan including but not limited to the itemized amounts capitalized into the principal balances and the terms of each modification."). I agree.

When asked whether the plaintiff made timely TPP payments or whether he completed a 2009 TPP, Smith testified repeatedly that the plaintiff had made four payments in certain amounts on certain dates. And, while Smith confirmed that a document marked as Exhibit 5 appeared to be a standard loan modification agreement, which he testified is different from a HAMP

7

modification agreement, he did not answer the question whether the plaintiff was offered a permanent HAMP modification, instead responding that the plaintiff was given a HAMP trial, made four payments, and was terminated from the HAMP program.

PHH's counsel frequently objected during these lines of questioning, including to assert that the plaintiff's questions called for a legal conclusion. In similar vein, PHH now argues that Smith's answers were fully responsive on the facts and that he simply avoided the plaintiff's counsel's repeated attempts to have him concede her client's legal characterizations.

Again, the plaintiff has the better argument. I do not construe the plaintiff's counsel's questions as having required Smith to undertake a legal analysis. Either PHH determined that the plaintiff made timely TPP payments, completed a TPP plan, and offered him a permanent HAMP modification, or it did not. While it may have made those decisions by consulting or interpreting Fannie Mae guidelines, questions regarding its determinations call for historical facts, not legal conclusions.

Accordingly, with respect to this point, I grant the motion in part, ordering the reopening of PHH's deposition to the extent that the plaintiff shall be permitted to inquire about whether PHH determined that he made timely TPP payments or completed a TPP plan and ever offered him a permanent HAMP modification.

### 3. The Plaintiff's Communications with PHH

The plaintiff next argues that Smith, as PHH's corporate designee, failed to provide adequate answers to questions regarding communications between himself and PHH. I agree.

Topic 10 of the plaintiff's deposition notice indicated that the plaintiff would ask questions about "[a]ll communications from Mr. McGahey and/or his housing counsel and/or attorney

alleging a wrongful denial of the Fannie Mae HAMP modification and determinations made regarding the loan after each communication." Depo. Notice at 4.

During PHH's deposition, Smith testified that he did not remember letters that the plaintiff or his representatives had sent to PHH regarding wrongful HAMP denials, could not testify about the letters, did not know what PHH did once it received the letters, and could not identify its response to the plaintiff's notices of error. The defendant counters that the information sought was irrelevant. However, PHH apparently raised no such objection to Topic 10 prior to the commencement of the deposition, and Smith was unprepared to address that topic.

Accordingly, with respect to this point, I grant the motion in part, ordering the reopening of PHH's deposition to the extent that the plaintiff shall be permitted to inquire regarding his communications with PHH (directly or through representatives).

### 4. Whether a Borrower Qualified for a HAMP Modification Would Receive One

The plaintiff next argues that PHH failed to answer questions about whether a person who was qualified for a HAMP modification would receive one, implicating Topic 7 of his notice of corporate deposition. *See id*. ("Whether PHH has ever refused to offer a borrower a Fannie Mae HAMP modification when the borrower was eligible for and qualified for a Fannie Mae HAMP and if so, how many times and the facts surrounding PHH's actions."). This point requires me to rule on an objection by PHH with respect to which I reserved ruling following a May 8, 2018, telephonic discovery hearing: that Topic 7 sought information that was irrelevant and would require cost-prohibitive preparation. *See* ECF No. 71. I now rule in PHH's favor, sustaining that objection to the topic as worded. Hence, I deem Smith's answers at deposition adequate.

Following the May 8 hearing, I adopted the plaintiff's counsel's proposal to inquire solely whether a borrower found qualified and eligible for a HAMP modification by PHH would be

9

granted the modification, which he suggested might moot the dispute if answered in the affirmative, with both sides reserving their respective positions regarding Topic 7. *See id.*

At deposition, the plaintiff's counsel posed the question as proposed, and Smith answered in the affirmative. The plaintiff's counsel later inquired whether this would also have been the case in 2012, 2013, 2015, and 2016, and whether Smith could remember PHH ever denying a HAMP modification to someone otherwise eligible. In response to each of those questions, Smith stated that he could not remember.

To the extent that the plaintiff argues that Smith's responses evidence his general uncooperativeness, I disagree. He answered the plaintiff's questions. To the extent that the plaintiff seeks to compel additional preparation and specific answers to the later series of questions, I sustain PHH's objection that the cost of obliging it to comb through every file for each of the years in question to determine whether an applicant was wrongly denied a HAMP modification is disproportionate to the marginal relevance of the additional information sought.

The plaintiff's request for relief with respect to PHH's allegedly inadequate deposition testimony pursuant to Topic 7, accordingly, is denied.

5. **Relief Requested in Light of Alleged Pervasive Uncooperative Behavior of Deponent**

The plaintiff lists numerous other incidents of the PHH corporate deponent's alleged lack of cooperation and provision of inadequate answers, including his inability to testify as to (i) when Fannie Mae became the owner/investor of the plaintiff's loan (Topic 20), (ii) whether the rights to service the plaintiff's loan had been sold (Topic 3), (iii) when PHH began servicing the loan (Topic 3), (iv) how PHH determined that the loan was a delegated or non-delegated loan (Topic 20), (v) why the terms of the TPPs offered to the plaintiff varied (Topic 12), (vi) whether in 2016 PHH submitted the plaintiff's loan to Fannie Mae for a HAMP modification review (Topic 6), or

(vii) many additional details regarding the plaintiff's application for a HAMP loan modification in 2016, including whether PHH offered him a loan modification with HAMP-like terms or any modifications after August 2016 and whether he was denied a HAMP modification in 2016 (Topic 6).

The plaintiff requests that, in light of PHH's alleged pervasive uncooperativeness, it be precluded from introducing any evidence regarding the four topics discussed above (the guidelines, policies, and procedures it followed in evaluating and denying his HAMP applications; its review and evaluation of his loss mitigation options; its communications with the plaintiff; and whether a borrower qualified for a HAMP modification would receive one).

In the alternative, he seeks not only a reopening of PHH's deposition in its entirety but also the preclusion of PHH from introducing any evidence going beyond the new deposition testimony.

On the showing made, I decline to order relief in the form of the preclusion of PHH from making certain arguments or introducing certain testimony. As PHH notes, nearly all of the additional questions that the plaintiff complains were inadequately answered were not fairly called for by the topics to which the plaintiff points. Instead, I provide the alternative requested relief of the reopening of the PHH deposition, but on the conditions described herein. I further decline to order reimbursement of the broad range of costs requested by the plaintiff, deeming the award of the costs of bringing the instant motion adequate remedy for PHH's inadequate answers at deposition.[3]

### B. PHH's Responses to Plaintiff's First and Second Set of Interrogatories

Finally, the plaintiff moves for an order compelling PHH to respond to Interrogatories 8-11 and Second Interrogatory 1 in light of the corporate deponent's deposition testimony.

---

[3] PHH has not argued that such an award is unreasonable pursuant to Rule 37(a)(5)(A).

The validity of Interrogatories 8-11, part of the plaintiff's first set of interrogatories, has already been addressed. On March 12, 2018, I held a telephonic hearing on a motion by the plaintiff to compel discovery that implicated, in relevant part, PHH's objections that Interrogatories 8-11 were posed as hypothetical questions. *See* ECF No. 57. Following discussion, during which I indicated that I was disinclined to order PHH to answer interrogatories based on hypothetical questions, the plaintiff provided a second set of interrogatories.

Second Interrogatory 1 requested that PHH provide each and every fact that rendered the plaintiff ineligible for HAMP modifications in 2012, 2013, 2015, and 2016, when he applied for such relief. PHH responded by stating that it followed the Fannie Mae Servicing Guide and referring the plaintiff to dozens of pages of previously-disclosed documents. This answer is indeed vague and nonresponsive, and Smith's testimony did not remedy these flaws.

Nonetheless, because the question is also covered by Topic 6(b) of the plaintiff's deposition notice, I conclude that the proper remedy is to afford the plaintiff the opportunity to ask this question of the corporate deponent(s) at the reopened deposition. Accordingly, with respect to this point, I grant the motion in part to that extent.[4]

### IV. Conclusion

For the reasons discussed above, I **GRANT** the plaintiff's motion **IN PART**, to the extent that I **ORDER** the reopening of PHH's deposition on the conditions described below, **ENLARGE** the parties' remaining scheduling order deadlines as set forth below, and **ORDER** that PHH reimburse the plaintiff's costs of bringing the instant motion, including attorney fees, and otherwise **DENY** it. The continued deposition of PHH shall be:

---

[4] On July 17, 2018, the plaintiff filed a new request for a discovery dispute hearing pursuant to Local Rule 26(b), seeking, *inter alia*, an order compelling supplemental answers to Interrogatories 8-11 on the new ground that expert and other evidence demonstrates that the questions are not hypothetical ones. *See* ECF No. 93-1, attached to ECF No. 93, at Page ID # 3006. By separate order of even date herewith, I have denied that request as premature.

1.  Confined to the subject matters of (i) which Fannie Mae guidelines, if any, PHH followed or relied on in evaluating the plaintiff's HAMP applications from January 2009 through the present, (ii) whether PHH determined that he made timely TPP payments and completed a TPP plan and ever offered him a permanent HAMP modification, (iii) the plaintiff's communications with PHH, and (iv) why the plaintiff was deemed ineligible for HAMP modifications in 2012, 2013, 2015, and 2016. To the extent that PHH, through its corporate designee(s), cannot answer questions on the above-listed subject matters, it shall be prepared to explain why, despite the exercise of reasonable diligence, it cannot do so.[5]

2.  Held in Portland, Maine, on or before August 31, 2018, and limited to one day of seven hours.

The parties' remaining scheduling order deadlines are **RESET** as follows:

1.  <u>Deadline To Complete Discovery</u>: August 31, 2018.

2.  <u>Deadline To File Notice of Intent To File a Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h)</u>: September 7, 2018.

3.  <u>Deadline To File Dispositive and *Daubert*/*Kumho* Motions</u>: September 21, 2018.

4.  <u>Expected Trial Date</u>: November 5, 2018.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 20th day of July, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[5] Although I decline to reopen the deposition on all topics, the plaintiff shall be permitted to ask follow-up questions flowing from PHH's answers to questions on the permitted subject matters.